UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-20767-SCOLA

**UNITED STATES OF AMERICA**

vs.

**JUAN CARLOS DAVILA BONILLA,**

    **Defendant.**
_____/

## STIPULATED FACTUAL PROFFER

If this matter were to proceed to trial, the government would prove the following facts beyond a reasonable doubt. The Parties agree that these facts, which do not include all facts known to the government and the Defendant, JUAN CARLOS DAVILA BONILLA, are sufficient to prove the Defendant's guilt for Counts 1 and 2 of Indictment 18-CR-20767-SCOLA.

Beginning at least on or about August 23, 2018, and continuing through on or about September 21, 2018, the Defendant knowingly and willfully conspired with his codefendant, Juan Pablo Mosquera Oviedo ("Mosquera"), and others, to corruptly obstruct, influence, and impede an official proceeding, that is, a federal Grand Jury proceeding in the Southern District of Florida. Beginning at least on or about August 23, 2018, and continuing through on or about September 21, 2018, the Defendant also attempted to obstruct, influence, and impede a federal Grand Jury proceeding in the Southern District of Florida.

During the time period alleged in the Indictment, Mosquera was a Captain in the Colombian National Police ("CNP"), overseeing a vetted unit that worked closely with United States Drug Enforcement Administration ("DEA") agents operating in Colombia. Mosquera investigated

*J.C.D*

numerous defendants in Colombia that were eventually extradited from Colombia to the United States to face drug trafficking charges. Through his work with DEA agents, Mosquera became very familiar with the United States' grand jury process. Mosquera transferred evidence gathered by his vetted unit to DEA agents targeting individuals in Colombia for prosecution in the United States.

Mosquera corruptly used his position as an officer with the CNP to access investigative information regarding DEA investigations and targets with the intent to make money from that information. Mosquera then conspired with the Defendant, and others, to sell that information. Among other things, Mosquera offered to sell information about the DEA's investigation of target "P.L." who the DEA was investigating for a drug trafficking crime and who was wanted on a federal warrant out of the Eastern District of Arkansas for a probation violation.

The Defendant acted as Mosquera's representative when Mosquera offered to sell information about the DEA's investigation into P.L. to a person who the Defendant and Mosquera believed was one of P.L.'s drug trafficking associates (but who was, in reality, a confidential source working at the direction of the DEA (the "CS")). The Defendant provided information to the CS about the DEA's plan to ask the Colombian authorities to expel P.L. from Colombia because P.L. was in the country using fraudulent Colombian identification documents. The Defendant then told the CS that the DEA planned to have American authorities arrest P.L. on P.L.'s outstanding warrant out of the Eastern District of Arkansas. The Defendant also gave the CS additional information about the DEA's surveillance of P.L. and P.L.'s address.

DEA case agents discussed this plan regarding P.L. only with Mosquera and an additional CNP analyst (who was unrelated to the Defendant). Mosquera then relayed this information to the Defendant so that the Defendant could attempt to sell the information to the person that the Defendant and Mosquera believed was one of P.L.'s drug trafficking associates.


J.C.V

DEA case agents then told Mosquera that they (the agents) expected to have an indictment and extradition order for P.L. shortly. The Defendant then told the CS, in essence, that P.L. needed to leave Colombia. The Defendant knew that there was an official proceeding, or foresaw an official proceeding, targeting P.L., and that by providing this information to someone who the Defendant believed was one of P.L.'s drug trafficking associates, the Defendant knew that his actions were affecting that official proceeding. Shortly after Mosquera relayed this information, P.L. was indicted in the Southern District of Florida for conspiracy to distribute cocaine intending, knowing, and having reasonable cause to believe that the cocaine would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 963. P.L.'s drug trafficking conspiracy – the criminal offense investigation and prosecution that the Defendant conspired and attempted to obstruct – involved at least 50 kilograms but less than 150 kilograms of cocaine.

By agreeing with Mosquera to provide information about United States law enforcement's investigation into P.L.'s drug trafficking activities and plan to have P.L. expelled and arrested on P.L.'s outstanding probation violation warrant, the Defendant conspired to obstruct an official proceeding. By soliciting monetary payment in exchange for providing this information, the Defendant acted corruptly, i.e., with an improper purpose and to engage in conduct knowingly and dishonestly with the specific intent to subvert, impede or obstruct law enforcement's investigation and prosecution of P.L. Furthermore, by selling information regarding the D.E.A.'s investigation which led to P.L.'s indictment, and United States law enforcement's plan to arrest P.L. on P.L.'s outstanding warrant, the Defendant knew that the natural and probable effect of the Defendant's conduct would be the interference with the due administration of justice.

J.C.D

The Defendant's conduct as described above constitutes conspiracy to obstruct justice, in violation of Title 18, United States Code, Sections 1512(c)(2) and 1512(k), and attempt to obstruct justice, in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

Date: _____  By: _____
JOSEPH M. SCHUSTER
ASSISTANT UNITED STATES ATTORNEY

Date: 2/12/21  By: _____
DAVID A. NUNEZ, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2·12-2021  By: _____
JUAN CARLOS DAVILA BONILLA
DEFENDANT

J.C.D